UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACIEL CIRRUS ROJAS,

                    Petitioner,

          v.                                              Case No. 25-cv-1437-bhl

SAMUEL OLSON, Field Office Director, Chicago
Field Office, Immigration and Customs Enforcement;
and SCOTT SMITH, Jail Administrator,
Dodge County Jail,

                    Respondents.

---

### RULE 4 SCREENING ORDER

---

Jaciel Cirrus Rojas, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and complaint for emergency injunctive relief on September 17, 2025. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b) and also Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### BACKGROUND

According to the petition, Petitioner is a native and citizen of Mexico who has been present in the United States since 2018. (ECF No. 1 at ¶2.) On June 3, 2025, a warrant for Petitioner's arrest for immigration violations was authorized under 8 U.S.C. §1226 and Petitioner was detained. (*Id.* at ¶23; ECF No. 1-2.) Petitioner was placed in removal proceedings and issued a notice of custody determination indicating that he would be detained pursuant to "section 236 of the Immigration and Nationality Act," (8 U.S.C. § 1226) pending a final determination in his case. (ECF Nos. 1-3; 1-4.) Petitioner was initially detained without bond by the Department of Homeland Security "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act . . ." (ECF No. 1-4.)

On July 15, 2025, the Immigration Court held a custody and bond redetermination hearing. (ECF No. 1 at ¶24; ECF No. 1-1.) According to Petitioner, the government made a substantial change to its practices for detaining noncitizens prior to the bond hearing. Petitioner reports that ICE has promulgated "Interim Guidance" reflecting a change in the agency's interpretation of the law governing the release of noncitizens on bond. (*Id.* at ¶25; ECF No. 1-5: Interim Guidance (July 8, 2025).) According to the Interim Guidance, ICE now takes the position that, under 8 U.S.C. §1226, only those noncitizens who are already admitted to the United States are eligible to be released from custody during their removal proceedings, while all others are subject to mandatory detention under 8 U.S.C. §1225. (ECF No. 1-5 at 2.) Those subject to detention must remain detained subject to extremely limited parole options at ICE's discretion. *See id.*

At Petitioner's hearing, the government argued that he was ineligible for bond under the Interim Guidance because he was being detained pursuant to 8 U.S.C. §1225(b)(2), not 8 U.S.C. §1226. (ECF No. 1 at ¶24.) The Immigration Judge rejected the government's argument, determined that Petitioner was eligible for bond under 8 U.S.C. §1226, and ordered Petitioner released on a $1,500.00 bond. (*Id.*; ECF No. 1-1.)

On July 15, 2025, ICE filed a Notice of ICE Intent to Appeal Custody Redetermination ("EOIR-43") of the Immigration Judge's order finding Petitioner eligible for bond and ordering his release from custody. (ECF No. 1 at ¶26; ECF No. 1-6: Notice of Intent to Appeal (July 15, 2025).) The filing of EOIR-43 triggered the automatic stay provision of 8 C.F.R. §1003.19(i)(2). (ECF No. 1 at ¶26.) On July 24, 2025, ICE filed a Notice of Appeal from a Decision of an Immigration Judge ("EOIR-26") confirming the government's position from the custody hearing and that the basis of the appeal is ICE's reversal of the interpretation and application of 8 U.S.C. §1225. (ECF No. 1-7: Notice of Appeal (July 24, 2025).) Petitioner remains detained and both his appeal and removal proceedings remain pending, with his next hearing scheduled for October 29, 2025. (ECF No. 1 ¶31.)

Petitioner asserts that his continued detention violates the U.S. Constitution's Due Process Clause, the Immigration and Nationality Act, and is *ultra vires*. (*Id.* ¶5, 25–28.) Petitioner asks this Court to issue a temporary restraining order directing Petitioner's release and enjoin Respondent's continued detention of Petition to ensure his due process rights. (*Id.* ¶10.) In the alternative, Petitioner asks this Court to order Respondents "to show cause why this Petition should not be granted within three days." (*Id.* at ¶11 (citing 28 U.S.C. §2243).)

## ANALYSIS

As the Supreme Court has explained, while "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)[,]" "[i]t also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added); *see also id.* at 288 (explaining that, "*once inside* the United States . . . *an alien present in the country* may still be removed" under "Section 1226") (emphasis added). Section 1226(a) provides that, for a noncitizen who is "arrested and detained" "[o]n a warrant issued by the Attorney General," the Attorney General (1) "may continue to detain" the arrested noncitizen, (2) "may release" the noncitizen on "bond," or (3) "may release" the noncitizen on "conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). Under 8 C.F.R. §1236.1(d)(1), a noncitizen detained under §1226 may appeal an "initial custody determination," including the setting of bond, to an immigration judge.

In this case, the immigration process is proceeding and has yet to conclude. As of the date of this order, Petitioner, has been detained since June 3, 2025 but has also been provided a hearing before an immigration judge, who ordered him released on bond. The government has filed an appeal regarding that determination and a stay order has been implemented while the appeal is pending. Petitioner contends his continued detention violates his due process rights. Petitioner insists he has a significant interest in being free from detention. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("The interest in being free from physical detention" is "the most elemental of liberty interests.") He further argues that a stay of the order directing his release is an especially extraordinary step, because "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987)). Petitioner also contends that the government's interpretation of the INA is erroneous and is *ultra vires*. (ECF No. 1 at 22–25.)

Based on his petition, the Court cannot conclude that Petitioner is plainly not entitled to relief. Under 28 U.S.C. § 2243, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." Accordingly, the Court

will order Respondents to respond to the motion within three days of service. For good cause, the Court may grant Respondents a *short* extension if requested and properly supported.

The Court notes potential statutory limitations on the Court's authority and jurisdiction over the issues presented. *See* 8 U.S.C. §1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole."); 8 U.S.C. §1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section . . . no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 . . ."). Respondents should address these issues in responding to the Petition.

The Court will also allow Petitioner to submit a further brief concerning the Court's jurisdiction and replying to Respondents' filings. Any reply should be filed promptly (no later than three days) after receipt of Respondent's submission. The Court will decide whether to set a hearing after briefing is completed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Scott Smith, Jail Administrator, Dodge County Jail pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days or no later than **October 1, 2025**. Petitioner may file a Reply addressing the Court's jurisdiction and Respondents' filings no later than three (3) days after receiving Respondents' filings in response to the petition.

Dated at Milwaukee, Wisconsin on September 26, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge